The next case on the call is agenda number 19, case number 108-283, Frank C. Bemis v. State Farm and Casualty Company. Counsel, if you're ready, you may proceed. Thank you. Thank you, your honor. May it please the court, my name is Howard Rowan and I represent the appellant, State Farm. This case involves the intersection of this court's rules and the legislature's code of civil procedure. Supreme Court Rule 384 authorizes this court to transfer and consolidate cases in order to, quote, promote the just and efficient conduct of such actions. And this court has issued a series of Rule 384 orders transferring and consolidating punitive class actions that were filed against State Farm. Code of Civil Procedure Section 2-101A2 allows a party the right to strike one judge provided that the strike is made before the judge has made substantive decisions. Plaintiff's counsel here believe that the intersection of Rule 384 and the Code of Civil Procedure have created a loophole that enables them to override this court's management of the cases, to evade the prohibition on no strikes after a substantive decision, and to remove any judge whose decisions they don't like. But plaintiff's counsel are wrong. Under the Illinois Separation of Powers Doctrine, a litigant is not permitted to use a statutory right to interfere with the court's judicial administration. Judicial authority supersedes statutory rights. And in a number of cases, including cases involving the statutory right to demand a substitution of judge, this court has stepped in and disallowed the misuse of the statute that interfered with the court's administration of justice. I think the court's aware of counsel, certainly you're positioned factually of what's going on here. Do you have, it would seem to me that the holding in Beretchevich was grounded in the fact that the executive branch of government was, through the conduct of the state's attorney, interfering with the exclusive powers of the judicial branch. I understand your argument and wonder if there's an alternative basis to get to where you want to go as a result of what you think is an abuse of the process and the right of the court to control their docket, separate and apart from the separation of powers argument, because I know we're going to certainly hear from counsel that we don't have the same situation here. These are private litigants. Let me answer that. I have two answers, Your Honor. The first one is, although it's factually correct that if it's Beretchevich or Beretchevich. Your guess is as good as mine. Okay. I've been saying Beretchevich. I might say it again. It's true that that case did involve the state's attorney, so the executive branch. But the principle of separation of powers is not limited to that. After all, the O'Connell case was a private malpractice case with private parties, and the court applied the very same rule. And if you look at the cases cited in Beretchevich, it's not limited to the executive branch. Separation of powers applies when someone misuses a statute. That's what happened in O'Connell. That's what happened in Gibellina. So, Your Honor, I believe that you do have the power under separation of powers to say, no, we're not going to allow the misuse of a statute. The second point is, one of the things the separation of powers doctrine talks about is a second option, which is what was exercised in the Kozloff case. That is, read the statute in a way that avoids the problem. In the Kozloff case, you had a divorce, and one of the parties, I think it was the husband, didn't like the results. And so what he did was he filed a petition to modify the decree and said, look, that's a new case, and so I get a strike, and he tried to remove the judge. And the appellate court, just like the appellate court here, said that's okay. But this court said no, and it said no for reasons that apply exactly here, which is, if someone can do that, then the court said, look, he'll just keep filing petitions until he gets a judge he likes. And that's what we have happening here. In 1999, the Sneed case was filed in Chicago by one group of lawyers. A second group of lawyers filed the Siler case in Madison County. We thought it was a copycat case, and we moved to transfer it, and this court granted that motion. And the case was sent up here. And the plaintiffs waited a while, and then they filed another case and another case. And Bemis is the fourth one they filed. They're not taking this court's rulings as the final word. And they've got a game plan now, and you can see it. The game plan is they will keep filing in Madison County, and either this court's going to give up finally and say, okay, you really want to do a state farm class action in Madison County, we'll let you, and I don't think this court's going to do that. It's refused to let them do it four times now. Or when this court exercises its authority to promote the just and efficient conduct of the action, transfers the case to Cook County, consolidates it with the preexisting case in Cook County, then the plaintiffs are going to say, oh, we have a new case, so we're going to get rid of the judge. That's exactly the same kind of gambit in Kozloff, and it's similar to what happened in O'Connell. It's similar, because in O'Connell, the plaintiff was faced with a bad result on a motion to dismiss, and the statute of limitations would run out, and so they exercised their statutory right to dismiss, and then they get a new judge, a new clock with a year to go, and this court said no, because you're interfering with our administration of justice. So whether you apply separation of powers under O'Connell and Beresovic, and, Your Honor, Beresovic was the state, it was the executive, but that's not, the principle isn't limited to that. O'Connell shows that. Or if you apply Kozloff, which is the other alternative, the other alternative to saying, oh, this is unconstitutional, you could say, we're going to read the statute differently, and, of course, this court has limited the substitution of judge statute. It doesn't allow a substitution of judge when it's going to unreasonably delay things, and it didn't allow the substitution of judge when someone filed a new motion in Kozloff. So this court can and should do that. Let me turn to, I think, you know, the facts here are clear enough, and I'm sure the court understands them. I have to say I was a little worried when I argued in the appellate court, and the court asked my opponent after I had spoken, asked my opponent whether this was the same lawyers, and the answer is yes. The same plaintiff's lawyers have filed four cases in Madison County, and then all four have been transferred, and those lawyers have been able to see what was happening in Cook County. They didn't like it, and so they found a way to get rid of the judge. In this case, it's really important. The Bemis case, the one that's the latest, presents exactly the same motion to dismiss issue as one of their prior cases. Jones deals with whether the Workers' Compensation Commission is the sole authority. Judge Agron, the judge that signed the Jones case, dismissed the case with prejudice. So it's really important to the plaintiffs to get rid of him, and that's what they're trying to do. Judge Agron found when he denied our motion, he did find that the plaintiffs' counsel have a game plan and they're exercising it, and the plaintiffs don't disagree that this court, in reviewing this case, should start with what Judge Agron found. Instead, they make two arguments. The first one is that they said there's nothing wrong with their game plan. They say that their scheme, which is filing case after case in Madison County, and then when it gets transferred to Cook County, use the new case to remove a judge that they don't like. They say that's not a problem because this court didn't specifically assign the Bemis case or any of the cases to Judge Agron. According to plaintiffs, Rule 384 simply sent the cases from Madison County to Cook County, and it was Cook County rules that assigned the case to Judge Mackey and then when they used their first strike to Judge Agron. With all due respect to plaintiffs' argument about the Cook County rules, it's complete fiction. When we filed our motion under Rule 384, we expressly argued to this court that it would be efficient and just to assign the case to be joined in front of Judge Agron because he had experience and we identified the Jones case and the fact that he'd been ruling on these cases for three years. This court granted our motion, it transferred to Cook County, and it consolidated with cases that the court knew were pending in front of Judge Agron. So there's no question that the court sent the cases to Judge Agron. The Cook County rules had nothing to do with that. When the cases arrived in Cook County, the plaintiffs' counsel expressly, when they arrived, they were routinely sent on the wheel to a random judge, I forget who it was, I think it may have been Judge Rochford, and both parties went to the chief judge and said, look, the random assignment isn't correct, it's got to get consolidated with the pre-existing Sneed case, the Evanson case, the Jones case, and plaintiffs' counsel expressly said, quote, that it needed to get sent to Sneed and Judge Agron in order to effectuate the Illinois Supreme Court's order. So they knew that and, in fact, the plaintiffs' counsel moved to remove Judge Agron before the case even arrived on his calendar. There's no question this court sent the case to be consolidated in front of Judge Agron. Now, more important than that. Technically, did they have the right to the SOJ? I understand precisely what you're arguing, but if we just looked at it as to whether or not there was a statutory SOJ available to the plaintiff. If you agree, Your Honor, if you agree that this is a new case, then they would say technically they had that right. I don't agree that it qualifies as a new case, just as this court found that Kosloff did not make a new case. Given your argument, counsel, are there factual findings that somebody needs to make along the way? I think that Judge Agron's factual findings, which were given in open court, that the plaintiffs are exercising a game plan, I think, is all that's necessary. They disputed that. They did dispute it, but Judge Agron found, if you look at the transcript, that they were exercising game plan. I remember he turned to my opponent and he said, you can say whatever you want, you're doing it. The transcript is the record in this case? Yes, and the filings. Would you have the same argument, counsel, if they, I'll change even my own hypothetical, if it was different attorneys filing a case in Cook County rather than Madison County, there's a motion to consolidate and then there's a motion made by the new attorney for a substitutionary judge? It's more interesting if it's different lawyers, but I think the best analogy, Your Honor, is what's really helpful. Not only different lawyers. This started again in Madison County, right? All of these started in Madison County. That's part of it. The best analogy, Your Honor, is an intervention, and if you look at an intervention, the statute actually says if someone wants to intervene in an ongoing case, things that might have been done earlier, the court can say you're not allowed to do those. So if this were an intervention, the statute actually sort of anticipates this and says, no, we're not going to allow this. The substitution of judge statute, which Justice Fitzgerald asked about, whether they're technically allowed, I mean, I think that exception for someone being brought in later, you know, that really is designed to deal with a defendant who's being brought in later, someone who's not in control of the process. What's different here, what's unique here is when you are dealing with the exception, the loophole they found would only work for plaintiffs. And in the real world, it only works for class plaintiffs who have a stable of clients where they can just peel them off and bring them in, which is what they did. I mean, Jones, Evanson, Bemis are all chiropractors in Madison County, but that's not their entire stable. I know they have Dr. Coy. They filed a lot of cases with him. Earlier plaintiffs remained part of the class, even though they were no longer the named plaintiffs? The cases are consolidated, Your Honor. So they're actually still pending in Cook County, the Sneed case, the Evanson case, and now the Bemis case. And they're consolidated. They've not been merged, so it's three cases, but they're consolidated because the court found in its rule 384 that it made sense to consolidate them, which it clearly does. The Jones case is gone because Judge Agerin dismissed it for identical reasons. The classes overlap. The theories overlap. The class issues are probably identical, and that's why they were consolidated. The crucial thing here that the plaintiffs never talked about is the purpose of a rule 384 order, which is the just and efficient conduct of the action. This court gets to decide. But when this court sends the cases, I mean, there's a case that's been going on for many years, and it's been in front of one judge for three years. When this court sends the case up, sends Bemis up to be joined with the other cases, does the court intend the just and efficient conduct of the action? I submit that, of course, you did. And if you did, then what the plaintiffs have done interferes with both of those. It obviously interferes with efficiency because the judge has been ruling on these cases for three years. You have to start over, not just one case but all three cases. And it also interferes with justice because clearly the intent of Illinois law is not that someone checks to see what the judge is going to do and then says, well, I lost a couple motions, let's get rid of that guy. That's not the intent. The intent of justice is you get a strike before the judge has decided, but not a gambit to get rid of a judge because you don't like what he or she is doing. And that's what they've done here. And, you know, they've never, they have never in all the briefing, in all the argument, they have never mentioned the express purpose in your rule, which is the just and efficient conduct of the action. I give this court credit when it sent the case to be transferred and consolidated that the court was intending the purpose of your rule. And what they've done is interfering with that purpose. It just is. The other argument the plaintiffs make is they say, look, you don't have the power to do anything about it. You know, separation of powers is a narrow rule. But as I said to Justice Thomas, separation of powers applies here. In the O'Connell case, you dealt with private litigants, and the court said the statute that allows someone to voluntarily dismiss that is constitutional. It's constitutional, but not as applied here. Same thing in Beresovic. Same thing in the Kozlov case. Let me conclude by saying this is an unusual and egregious case. The substitution of judge statute expressly says that it can't be used to get rid of a judge after that judge has made substantive rulings. But the plaintiffs' counsel think, and if they win this case, they're right. They think they found a loophole that enables a narrow class, plaintiffs' class action lawyers, to do it. The problem with this loophole is that it completely interferes with this court's management of the cases. It interferes with the just and efficient conduct of the cases. And, by the way, it also undermines the statute that they're purportedly relying on because it's a loophole around the prohibition against removing a judge after the judge has made substantive rulings. Let me make one final point. As far as we know, this case is the first time that we've seen this done, although it's been done many times in this case. You know, they're not taking your orders as the final word. You transferred Seiler up to Cook County, and they filed again and then again and then again. And now they've twice used these new cases to remove judges whose decisions they don't like. If this court affirms the appellate court will get a new judge, and if that judge does not do their bidding, Dr. Coy will sue State Farm in Madison County. You'll send it back to Cook County, and then they'll get rid of the next judge too. And it won't just be these lawyers. If this court affirms, other lawyers will do the same thing. So I respectfully request that the court apply the separation of powers doctrine or, as in Kozloff, read the rule, the codicil procedure rule, in a way that does not allow this gambit. We should get back to litigating the merits of the case. Thank you very much. Good morning, Your Honors. I'm Jonathan, excuse me. My name is Jonathan Piper. I am here for Dr. Bemis, the plaintiff appellee. I'd like to. Hey, Mr. Piper, is Dr. Coy going to sue State Farm in Madison County? To my knowledge, Dr. Coy has no claim against State Farm. And to answer your question, they could have raised this in their 384 petition, when they did the 384 petition, if they thought this was a problem. And if it comes up again, which I think is not going to happen when you let me explain what the real facts are, they could raise it in their next 384 petition. That's how you deal with this issue. There's no separation of powers issue. You can see that that's a bogus argument. It's not before us, but the reason I start with that question, I mean, there is the point made that we have consolidated a number of cases and transferred them from Madison County based on the same set of facts to Cook County, and the filings still continue in Madison County. Is there any reason for that? Well, the reason is that there are various things that State Farm does wrong, which are challenged by various doctors. And there's nothing wrong with that. And that's the point I want to make, and really make sure you understand. Dr. Bemis' case is not like the other cases in Cook County. That's just a canard that they, it's a fiction that they have created that is not true. Dr. Bemis is not a member of the classes in any of the Cook County cases. Let me say that again. Dr. Bemis is not a member of the class in Sneed. He is not a member of the class in Evenson. And he is not a member of the classes in the other cases. I think they have obscured that. If you look at Pages 5 and 6 of our brief, we have a chart that lays out what each case is about, who the classes are, what kind of practices are at issue. The other cases involve computer bill review, where State Farm uses a computer to substitute for the judgment of the doctor as to how he should treat the patient and what the reasonable fee is for that. It's a computer review case. What Dr. Bemis is challenging is something completely different. It's that they're saying he's a member of a PPO network that he didn't know about and that they can take these silent PPO discounts. Now, that arises under a PPO contract, supposedly. It's an entirely different type of claim. So they've created this fiction that we're filing the same lawsuit over and over with new class members. It's just not true. He's not a member of the classes. He's got a totally different. Let me tell you how different the claims are. After you entered the 384 order, we went into Judge Greg Agrin on the Evenson case. There was a motion to dismiss in Bemis and Evenson. Bemis had not gotten to Judge Agrin yet. And State Farm told Judge Agrin, well, let's go forward with the motion to dismiss on Evenson. Don't worry about Bemis. They're different issues. That's a workers' comp case. You don't have to hear the motions to dismiss together. So while they're telling you these are all the exact same cases, copycat cases, they're telling Judge Agrin, well, there's differences. You don't even have to hear the motions to dismiss together. Let's get done with Evenson while we wait for Bemis to be transferred. Shouldn't we be able to resolve this issue by looking at the complaints? You can look at the complaints. In fact, the appellate court did, and in their statement of the facts, they lay out what the different, in parentheticals, what the different allegations were in the different cases. But look at the complaints. You will see that what Dr. Bemis has raised is a silent PPO case about PPO discounts. What Dr. Evenson raised is a classic chiropractor suing over how they calculate the usual and customary fee. It's out-of-network versus in-network. If you're in-network, you get a PPO discount. That's what Dr. Bemis is challenging. If you're out-of-network, what you get is that they use a fee schedule to decide what's the, quote, reasonable fee. So they're totally separate classes. Furthermore, the Sneed case just ensures it doesn't include the chiropractors. Now, what is the remedy here? I would like to suggest a very radical remedy. Under Rule 384, this court has the power on its own initiative to remand cases. And what I would suggest is look at the complaints and reconsider, is Bemis really the same as Evenson and Sneed? Because I think what this court should do is remand Dr. Bemis' case back to Madison County because it is not the same case as Evenson and Sneed. That's what I would suggest. If you want to do the let's step back from the certified question and come up with this. Didn't we already send Bemis to Cook County? Right, but under 384, you can send it back. And I'm suggesting that's what you ought to do. If you want to come up with a just result here, let's forget about separation of powers. That doesn't work. But how do we cut the knot on this case? Send Dr. Bemis back to Madison County. That's the fair result here because his case is completely different from Evenson, as demonstrated by the fact that State Farm did not even think the motions to dismiss in the two cases had to be argued together. On separation of powers, I mean, there's three arguments. They've got to win on all three arguments. They've got to show that there's a scheme. They've got to show that your order basically picked out Judge Agron and said he's the only judge that can hear this case. And then they've got to get over that somehow either Dr. Bemis is a branch of government or somehow a private citizen creates a separation of powers issue between branches of government. Every one of those three arguments is a loser. There is no scheme. As I said, this is not a copycat case. This Dr. Coy thing is a mirage. And if it ever happened, guess what? You're going to get a 384 petition saying, look, now they did file Dr. Coy's case. So this time around, say in your order and Dr. Coy doesn't get a change of judge. That's how you deal with that. And by the way, the court consolidated, not only sent this case to Cook County, but consolidated them with those other cases. Surely you couldn't reasonably anticipate we were just sending it to Judge X. We sent it to be consolidated with cases that are already there. Well, how do you figure out which judge gets the case? That's decided by the local court rules. Suppose the local court rules in Cook County for some strange reason said you assign it to the case, the case to the judge with the first name in alphabetical order. Or you assign it to the last, you go to the highest case number and assign it to that. That would be decided by Cook County. What they say is you go with the lowest. But it's not decided by Cook County. When this court tells Cook County this case is to be consolidated with two cases that are already on a judge's docket. It doesn't make any difference whether the judge is named, whether it's Judge X, Y, or Z. But they get to Cook County, they get assigned different judges, and then who do you consolidate it in front of? Wait a minute. Opposing counsel said that both attorneys agreed that they were supposed to go in front of the judge that already had the consolidated case. Right, because there's a Cook County rule that says when you consolidate cases, it goes to the judge with the lowest case number. That was Judge Agron. But that's why I went to Judge Agron. It wasn't because you guys said it has to go to Judge Agron. There's nothing in 384 that talks about what judge gets the case. It says you send it to Cook County. Then they figure out how to consolidate it. And that makes more sense. I mean, talk about efficiency. Didn't you just say a moment ago that if we get the next 384 on COI, we can tell, we can put in there that you don't get an SOJ, which in effect says it's consolidated with an existing case and it stays with that judge? Now you're saying we can do that? Well, I think you may have the power to do that under some broad power, but it's not under 384. 384 doesn't specifically say you can pick which judge. If we send it to a judge who has already had the case, we're not picking a judge, are we? Well, you are effectively if you're saying this, Judge. Suppose Judge Agron moved to the law division. Does he have to take this case with him? Suppose he moved to the criminal division. I mean, obviously you're not naming a judge. Now you can say we want it consolidated and we want it to remain with that judge, but there has to be limits to that as well. And the vehicle by which... Doesn't there have to be limits to sending it to Madison County as well? I mean, you've suggested that as a remedy. Right. Well, that's up to your discretion as well. I think that it would be the fair remedy in this case, though, would be to remand Dr. Bemis' case back to Madison County, which 384 expressly says you can do that. But be that as it may, there are three arguments they have to win on. They don't have a scheme here. That's refuted. There's no case law that says what a private litigant does creates a separation of powers violation. There's just no case that says that. What about Gabalina and O'Connell? No, if you read those cases together, O'Connell says the legislative statute about voluntary dismissal conflicts with the Supreme Court rule about due diligence. And so there's a conflict between... Whenever these two statutes come together, there's a conflict. Gabalina says... First of all, they explain that that's what O'Connell's about. It's about a conflict between something the legislature did and something that this court did. Secondly, in Gabalina, they say there is no separation of powers violation. However, we're concerned that the plaintiffs are abusing the statute. And what we're going to do is not based on constitutional, but what we're going to do as a matter of court administration is set up a new rule that would give judges some discretion about what order they hear the motions in in the future. And we're not going to apply that new rule to the litigants in this case because it would be unfair to hit them with a new rule, basically. So if you follow Gabalina, it would be what I'm suggesting, which is if you really think there's an issue here, which there isn't, the way to deal with that is if Dr. Coy does file a case, then you deal at that point. They raise it. Back in 2005, there was an issue about which judge would get the case in Evenson. And Judge Kennard said to State Farm, why didn't you raise this with the Supreme Court when you got the case transferred up here? That was before they did the petition in Bemis. They didn't raise anything about substitution of judge or which judge would hear the case. Mainly what they argued when they transferred Bemis was two things. They said we don't want conflicting rulings in the two cases. And number two, it would be inconvenient for State Farm witnesses to have to travel to Madison County. It wasn't about how Judge Agron is the expert in these kind of cases. Where does just becoming an officer of the court enter into this? I mean, your statement that if we file a case in Madison County, even after this court has transferred three, four, whatever it is now, if the Coy case is transferred in Madison County, go ahead and they'll file their motion, ship it to Cook County, there's the judicial resources of them filing a motion. It comes before us. We do the same thing again, which has happened two or three times. So that really is the basis of my first question here. Separation of powers or not, controlling the court docket. I'm not so sure under any broad power we can actually say no substitution of judge in this case. What happens if the attorney on the case is the brother of the judge or what have you? I mean, I don't know that we can do that. Maybe we can. I haven't researched it. But what about just the specter? And I understand your argument on Bemis. Bemis is a different case. We didn't do anything wrong. There were cases before that, though, where it was the clear intention of this court to consolidate the cases in Cook County. So I guess there's a big question, why are we here? I mean, you know, the plaintiffs knew in those other cases that we didn't think the cases should be in Madison County, that they were already in Cook County, ordered consolidation, and now we're here. Maybe Bemis is a different subject. But on the general issue, it's a little disturbing in the Cavalier attitude if we file another, if Coy files a case in Madison County, deal with it then. Don't we all have better things to do is the question. Right. Well, let me first of all say I hear what you're saying. That would not create a separation of powers issue, obviously, because as an officer of the court that would fall within the judiciary. So let's set that aside. I understand the basic issue here is are we doing something wrong, wasting judicial resources, refiling the same case over and over again? And the answer is no. And that's where if you look at the class definitions in these cases, some of them arrive under auto policies, some of them arise under workers' compensation policies. Let me put it this way. If you put all these cases together, State Farm would say you can't certify this as one class action because there are too many variations between the lines of insurance, one of them's patients, one of them's providers. It is not the case that this is just copycat litigation where the same exact claim is being filed over and over by the same lawyers. But the same, and I imagine we'll hear this from opposing counsel, the claims aren't the same, but are the same ingredients that prompted transfer from Madison to Cook the same. Well, we never thought any of them should have been transferred. So in that respect. Well, we did, though. Right, you did. So regardless of the fact that you disagree with us, I understand you disagree with us. In fact, he wants to send this back to Madison County. But aside from that, forget the actual facts of PPOs and all that. Are the ingredients that, trying to look at it as objectively as you possibly can, are the ingredients that prompted this court to transfer these cases from Madison to Cook the same? Well, the reason I say I don't agree is I don't really understand why this court transferred them except that State Farm said they're all the same and they have the same witnesses. I think if you look in parcel a little bit, they should not have been transferred. So they can be all the same and still be in Madison, can't they? Right. So there's something outside of the fact that they're the same that there was a transfer to Cook. Why Cook was the better forum? Well, there was no argument. State Farm is closer to Madison County than it is to Cook County. I think the reason it got to Cook was because the very first case in the list was filed in Cook County. I believe that's the only rationale for why it ended up in Cook. Even though they're different, I imagine there's similar discovery issues that would be taking place, right? You know, I disagree with that. I think that certainly in Bemis's case it would be hard to take one deposition in one case unless it was just a very general question like, what is your general process for handling claims? Because I don't believe even the people that adjust the workers' compensation claims are the same people that adjust the auto claims. You're talking about different insurance policies. I mean, it's different lines of insurance, so it's not even like you're just sitting down with one insurance policy and reading it together. And then the PPO practice is a completely different practice. You've got different vendors involved. I don't see that much overlap in discovery. But the court disagreed with us the first time on this issue. I'd ask you to rethink whether Bemis really belongs up in Cook County. But even if he does belong in Cook County, he has an absolute right to substitution of judge. And particularly given that he's not a member of the classes in the other case, he should be allowed to exercise it. I mean, there's always a little bit of inefficiency when you exercise a change of judge statute. And frankly, I think most judges don't really like that procedure. But be that as it may, it's no more inefficient here than it would be any other case. The substitution judge says if a new party comes in, they can get an SOJ, despite the fact that the judge has made rulings as to the other parties. There's even one case where a SOJ got exercised after the trial, after the case had gone to verdict, and there was a dispute about attorney's fees. A new attorney came in, and he was allowed to exercise a substitution of judge. And let me also say on the same page of that October hearing where Mr. Rowan said that the two cases, motions to dismiss didn't have to be done together, said, oh, I didn't even remember that I ruled on a motion to dismiss before in the case. So with all due respect to the busy judge, I don't think it's like he's sitting there thinking about State Farm claims adjusting practices on a regular basis. It's not like he really has that level of expertise. None of the cases have gotten past the motion to dismiss stage, basically. I mean, there's another inefficiency about the consolidation action. One of the cases, something comes up in each of the cases. So one of them they moved to arbitrate. That tied up the whole bunch of cases for a long time. You know, then another case gets consolidated. Actually, I think this consolidation is one of the reasons these cases are just sitting there in Cook County and nothing is happening, because each time a case gets consolidated, then State Farm comes up with a new way to basically stop the cases from moving, which is what defense lawyers do. So as I said, there's three arguments they've got to win on. They've got to show a scheme. With Bemis, I think it's clear there is no scheme. In fact, it's questionable why the case was transferred. There is no basis for a private litigant being a separation of powers issue. And there's nothing in 384 that directs the case to a particular judge. It directs it to the circuit court of Cook County, and it's up to the circuit court of Cook County how they want to assign the cases. And I also don't think this is something, you know, if you want to talk about checks and balances. Could this court ignore the rule in Cook County and just assign this case to a specific judge in Cook County? Pardon me? Could this court ignore the rule as it exists in Cook County for assignment of cases and just assign the case to a judge in Cook County? The ultimate answer to that is who's going to stop you? So, yes, I think you could do that. Whether it would be the right thing to do, I don't think it would. Time is up. I saved you. Thank you. Thank you, Your Honors. I want to answer some of the points that were just made. Let me start with one of the last points, which is that somehow State Farm has stalled this litigation. That's not true. The motion to strike the judge was filed one week before we had a scheduled hearing on our motion to dismiss the Evanson case. The plaintiffs wanted to make sure they got in before Judge Agrin had a chance to rule on that motion. That's a pretty good segue into another point that plaintiffs' counsel made, which is that these cases are so massively different, and that's proven by the fact that the Evanson motion to dismiss is not the same as the Bemis motion to dismiss. But he's mistaken about that, and there are a couple points to make. One, we're going to oppose class certification in all of these cases because we believe that each claim is individual, not different lines of insurance, although that's possibly part of it, too. Each claim is individual, and that's the same issue that the court would have to address in all these cases. The motion to dismiss in Evanson, the reason we didn't need to wait for Bemis is because one of the reasons was we have a release from the insured in Evanson, and we made a motion to dismiss based on the release. The fact that the motion to dismiss in Evanson doesn't have to be tied up with Bemis does not mean it was wrong for the court to consolidate all these cases, and it does not mean it was wrong for the court to think that they're all similar. Of course they are. Let me get to the next point, which is that this really goes to law of the case. This court has already, with four cases, transferred and consolidated. The plaintiff's made the same argument that he made here to you, which is, hey, the cases are really different. You shouldn't do this. And each time this court said no, that's law of the case. So there's no point. He's lost this argument, lost this argument, lost this argument, lost this argument, and he shouldn't reconsider it now. He's greatly exaggerating the difference in these cases. I'll give you a couple of examples. One, he says one case is about computer review, the other one is about PPO. But if in the PPO cases they use computers, the classes are going to be overlapped, and, of course, they do. He said one case is a policyholder case and one case is a chiropractor case. They're different. A doctor can't bring a claim with respect to our insurance unless he's gotten an assignment, which is another issue in the Evanson case. So the cases completely merge and overlap. And if you take a look at what's happening in Madison County with their litigation, they say one thing and then the case expands. This court already decided correctly that these cases are very similar, and as a result this court already transferred them, consolidated them, and that's the right thing. Plaintiffs What relief are you seeking? In this case is for the court to hold that the plaintiffs are not entitled to exercise an SOJ, a strike of the judge. And I'm saying that there are two. And what basis? Two bases. One basis is separation of powers. That is, there's a conflict between this court's management of the cases, just as in O'Connell the court's managing the cases, and the exercise of a statutory right. In O'Connell, the exercise of the statutory right was the right to voluntarily dismiss. In Barasevic, the exercise of the statutory right was the right to SOJ a judge. And could that be accomplished with supervisory order from this court? Yes, it could, Your Honor. I think it could. And then the other way to do it is the Kosloff way or the Hoffman way. Kosloff and Hoffman are cases that involve the of right strike, and the court imposed additional restrictions saying they couldn't have meant that. In Kosloff, additional cases are filed, additional motions, and the court says, look, that does not qualify as a new case. So this court could say, look, we are looking. We have transferred these cases. We found that they're similar. They have, and like I said, I think the court already did it. We have overlapping classes. We have overlapping plaintiffs. It is not going to be, I think the assertion that one doctor isn't a participant in the other class, that's almost certainly not going to be true. Almost certainly not going to be true. There's no evidence on it, and this court did consolidate it. But I think what we want is for the court to say not that the SOJ statute is unconstitutional on its face. It's not. Just as the right to voluntarily dismiss a case, not unconstitutional on its face. But as used here, it clearly results in an interference with this court's management. Let me answer Justice Thomas' question about what if Judge Agron were Bemis' brother-in-law. That's a totally different thing, a different statute, cause, than of right. And I don't think anyone would suggest that removing a judge for cause interferes with the efficient and just management of the cases, which is the goal of Supreme Court Rule 384. There is no question that if the court sent Bemis and there was a cause issue afterwards, of course you could have a strike. But that's not what we're dealing with. What we're dealing with here is a loophole. And I think this court can and should close this loophole. And the suggestion that there's one other point I want to address, which is Plaintiff's counsel said, look, we should have dealt with this when we made the Rule 384 motion. That is completely wrong. At the time we made the Rule 384 motion, we argued that the case Bemis should be transferred, consolidated and transferred and consolidated. It should go to Judge Agron because he's been doing these cases. He's experienced. It'll be efficient. It'll be just. The Plaintiff's counsel, if they were thinking of exercising a strike, could have said, no, it won't be efficient because we're going to strike the judge. But they withheld that. They didn't disclose they were going to strike the judge. And it would have been laughably premature for us to say, we think they might do this, so you ought to stop them. There's never been a waiver case that said that we've somehow waived our right because we didn't object to a motion they didn't file until six months later. So if anything, if the Plaintiffs were planning on striking, of course they were, they had an opportunity to tell this court, no, it's not going to be efficient to send it to Chicago because we're going to rule the judge. Last point. It just isn't true that Cook County assignment rules sent this case to Judge Agron. And it isn't true that Plaintiffs' counsel, we've quoted in our briefs, you can see it, that Plaintiffs' counsel expressly argued to the assignment judge that the case needed to be sent to Judge Agron in order to effectuate this court's order. So the bottom line, what we're asking for is a finding that as applied and misused, the use of a strike has interfered with this court's efficient and just management of the cases, or in the alternative, reading the SOJ statute in a way that does not allow them to call this case, which the court has transferred and consolidated, as a new case that gives these lawyers another strike. Counsel, let me ask you this question. There have been some practical, what I would view, kinds of questions. I don't want to speak for my colleagues today, but we had one case that came up here and settled today. Justice Freeman just asked about whether or not we could just simply assign it to a given judge. My question is, is there any room for you and your clients and the lawyers on the other side to sit down, if this court were to deem that appropriate, to have you sit down with the chief judge and at least agree upon who could properly handle this case? It's, you know, always in theory, but it's too late for that, Your Honor. We didn't assign the case to Judge Akron. I mean, the case was in front of Judge Mackey. Judge Mackey dismissed with prejudice four of the five counts of the Sneed case. So when they came up here with Jones and came here, I'm sorry, here. When they came to Chicago with Jones and Evanson, the first thing they did is they got rid of Judge Mackey. I regret that I didn't make a separation of powers argument then. I was disinformed. I was thinking that the Illinois rule was the same as the federal rule and the statute would prevail. By the time they did it again, the case after they struck Judge Mackey, it was assigned to Judge Akron randomly. But it's been with Judge Akron for three years. He's made a lot of rulings. What's offensive to the administration of justice in Illinois is a litigant finding a loophole so they can say, well, we've been losing in front of this guy, so now we're going to get rid of him. And I think this court has the power to stop it just as it did in O'Connell, just as it did in Bereset. Thank you, counsel. Thank you. Case number 108283 will be taken under advisement.  Thank you, counsel.